| Summons | CIVIL DOCKET NO. | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME. *Kimberly Cole* Plaintiff(s) vs. *Boston Police Dept.* Defendant(s) | | Clerk of Courts County COURT NAME & ADDRESS. |

THIS SUMMONS IS DIRECTED TO ___*The Boston Police Dept*___ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**
If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**
To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail or in person **AND**
   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

9/16/21                                                                                              1

## COMMONWEALTH OF MASSACHUSETTS

⏤TH, ss.                                                     SUPERIOR COURT DEPARTMENT
                                                             OF THE TRIAL COURT
                                                             CIVIL ACTION NO. 2183CV00755B

__Kimberly Cole__,
PLAINTIFF(S) (PRINT NAME CLEARLY)

                                                             Negligence/Personal Injury
vs.                                                          **COMPLAINT** (B04/Torts)
                                                             Police Abuse on 5/31/20
__Boston Police Department__
DEFENDANT(S) (PRINT NAME CLEARLY)

### PARTIES

1. Plaintiff(s) resides at __125 Royal Dane Lane #17__  __Abington, MA__
                            Street                        City or Town    02351
   in the County of __Plymouth County__

2. Defendant(s) resides~~ employed at __The Boston Police Department / Schroeder Plaza__
                                     Street                                    City or Town __Roxbury, MA Crossing__
   in the County of __Suffolk County__                                                       02120

### FACTS

3. On 31 May 2020 I was in attendance at The Black Lives Matter peaceful protest. Due to my Disability; the group of young people I was with agreed that we would park on Beacon Street and stand at The Massachusetts State House rather than walking from start point at Nubian Square. My daughter and our (3) Family friends participated in what started out peaceful + became violent with tear gas by Boston Police (see DA Rollins investigation on BPD Abuse a Boston Prot

BPD Assault

Prior to for several hours in the peaceful protest I was holding a large peace sign, talking + listening to speakers at rally. Suddenly our hands began itching + burning + a bad smell permeated the air. People began running + screaming to avoid tear gas + BPD vehicles traveling at high rates of speed. While running for safety, I tripped and fell in a pile of glass cutting my (L) hand + leg. The result was a serious personal injury that has required ongoing care. A surgical procedure is pending on 29 Sept. 202_. Incident reported to MCA on 1 June 2020.

* **Wherefore**, Plaintiff demands that:

(Docket # 1983CV00540) See 8/13/21 Reply in Superior Court (attached)
+ Court note Witness Intimidation!

The Court hold the law enforcement officers present at the Black Lives Matter protest accountable for causing serious, chronic + painful personal injury to a peaceful protester/citizen and award $1,000,000 (one million) to cover ongoing medical care + expenses. Also note that the severity of the injury physically impeded Plaintiff's ability to litigate (lead poisoning) claim(s) long before the court that are still pending Cole v. Timson; stemming from Coley v. Frederick (Docket # 1983CV00540) (PLCV2014039)

SIGNED UNDER THE PENALTIES OF PERJURY

DATE: 16 September 2021

Signature of the Plaintiff(s): Tom Cole

175 Royal Dane Lane #17
Street Address
Abington, MA. 02351
City/Town
(781) 990-9617
Telephone

* Plaintiff requests Court notes that tear gas is in violation of The Geneva Protocol of 1925. See Protocol for The Prohibition of The Use of Asphyxiating, Poisonous or other gases, + of Bacteriological methods of warfare. June 17, 1925. * It targets the lungs + may worsen Coronavirus condition/disability.

8/13/21
S:A

To : Brockton Superior Court
72 Belmont Street
Brockton, Ma. 02302


From : Kimberly Cole
125 Royal Dane Lane #1
Abington, Mass. 02351


Docket # 1983CV00540
Date : August 13, 2021


REPLY OPPOSITION OF PLAINTIFF ,TO DEFENDANTS OPPOSITION


This Reply of Opposition is to Defendant's Opposition Of Defendant , Christopher G. Timson , to Plaintiff's Motion For Clarification Dated July 27, 2021. The Motion to Clarify was regarding the initial Motion dated 4 April 2021. Per Superior Court Rule 9 A ; the Defendant failed to Oppose that initial Motion Dated July 27, 2021 Within 21 days after service of the Motion Papers.

Part and parcel to OMITTED DOCKET ENTRIES (See March 3, 2021 Motion to Clarify Docket Report) relate to how that Omission has created circumstances warranting either a Mistrial or Reversal of Decision rendered January 20, 2021 . No explanation in writing has yet to be provided to Plaintiff as to How and Why the omission occurred in the first place by Judge K. Brown, Conrad Boone and/ or Clerk of the Courts nor have properly allowed for an explanation to provide to the Office of Transcription Services regarding disruption and incomplete records of Transcripts.

As stated in July 20th 2021 Motion To Clarify plaintiff stated that she was awaiting the return of her voluminous filing containing original documents from the US Court Of Appeals for the 1st Circuit. Plaintiff is providing these documents with this reply as they were packaged and mailed to Plaintiff .Under Affidavit of Indegincy Plaintiff was granted,Plaintiff is seeking that cost of copies for both the Court and the Defendant. As per Court Rule 9A No other reply or surreply submission shall be filed without leave cf court, which will be granted only in exceptional circumstances;Plaintiff asks the court to review the motion explanation of Plaintiff health circumstances which have lead to a pending operation of September 2021 and Plaintiff will be requiring time to recover. Plaintiff asks that the Court consider the extenuating health circumstances and grant answers to these months of motions explaining all of the aforementioned as Plaintiff will be unable to address any legal concerns until after recovery. In July Motion Plaintiff noted MCAD investigations that have been ongoing through the duration of this case; Cole v. Timson. As Plaintiff filed for witness intimidation in the MCAD complaints please see below documents that are germain to these legal precedents where Plaintiff also alleges discriminations and violations of the Americans with Disabilities Act. The following (below) MCAD legal correspondence reflects on these matters.

Plaintiff asks that the Court notes that Atty. Timson was referred by Julia Cole's non custodial father A. Wohl . Plaintiff alleges that the complex legal conflicts of interest were a violation of Atty. Timson's fiduciary responsibilities to his client Julia Cole.

"To : Sunila Thomas George

MCAD Chairwoman and Investigation Commissioner
Massachusetts Commission Against Discrimination
One Ashburton Place
Boston, Mass. 02108


From : Kimberly Cole
125 Royal Dane #17
Abington, Mass. 02351


RE: Kimberly Cole V. Housing Solutions For Mass. , Home Properties d/b/a The Village At Marshfield,
MCAD Docket Number 19 BPR 00656
HUD Federal Charge Number : 01-19-1760-8


Dear Sunila Thomas-George
I am writing to you today to request that you reconsider the "lack of probable cause " on the above MCAD Investigation due to numerous facts that have been presented to HUD/MCAD since I filed this Complaint with HUD (Lucy Allen) who referred to MCAD (Deborah A'vant, Joan Beron, Eric Bove and others at MCAD). In addition to Cat Fees that violated Mass. Laws and ADA Law; I experienced serious bodily injury from a nail sticking out of a door at Fox Run, , a lead paint coated Playground at The Village ( that was reported to all interested parties), Privacy Violations at the hands of Fox Run Office Staff (who told my abusive Ex A. Wohl , Julia's Father , Private information about our lives over the phone which I documented in Court Proceedings with Probate and Family Court) , an erroneous and Retaliatory Eviction, damage to my then Nissan Motor Vehicle by a Fox Run employee; reported to Marshfield Police; photos provided to MCAD. The aforementioned tortious conduct of both The Village and Housing Solutions are matters of Tort and Impacts other people as well. These are Matters of Public Trust and I ask that you please examine the findings of this case that has been mishandled and extended far beyond the 100 days MCAD has to Investigate. As Coronavirus has presented the world with unprecedented issues, I maintain that the disruptions to MCAD Employers has allowed for serious matters in my case to be overlooked. All of the emails that I have sent to MCAD with Attachments (many photos) were unfortunately not addressed and due to ongoing severe bilateral cataracts , an injury sustained to my hand by Boston police at The Black Lives Matter Protest on 31 May 2020 , and Complaints of Sexual Harassment against Marshfield PD and Fire depts , and socioeconomic circumstances I have been unable to follow up in a manner that was necessary for Appeals. However, I am deeply concerned that if you do not reconsider Appeal to the Retaliation piece; that the aforementioned Matters of Public trust would allow for much more societal Injustice to occur to many.
I also ask that Mr. Perez and Mr. Montgomery (MCAD Investigators) be contacted as the entirety of the Discriminatory circumstances I have informed MCAD about are all connected to the (2) other MCAD Complaints filed that I wait responses about. I would be remiss not to mention that I have had Superior / Federal Lawsuits regarding my Families Lead Poisoning due to errors by the Mass CLPPP in 2003 in an Abington, Ma. rental. These matters were referred to by Housing Solutions RFTA Agent Michelle Santos who also egregiously slandered me to a Moving Company during my move from Fox Run to Royal Dane Lane(due to Home Properties tortious conduct mentioned above and in Complaint emails).

Regarding Settlement matters, I think it's advisable that in the case of a constituents Complaints to MCAD (and particularly if they are Disabled people) that State Agencies ought to be able to advise Complaintents if Settlements would impact Social security and / Housing Vouchers. I say this because we surely would not wish to settle matters of Injustice only to create matters of financial hardship issues ie: home and food insecurity , lowered benefits that are SSDI's money for Living expenses by Settlements that are meant to provide justice !

Lastly prior to the Conciliation Conference on August 5, 2021 it is my hope that you and all of the MCAD investigators that have worked on this case throughout the last two and a half years consider strongly the Fair Housing Act and American with Disabilities Act that should in fact be protecting complainants like myself from investigative defaults due to not all matters being considered in a timely fashion and in accordance with the aforementioned Acts . Please review email attachments and two other complaints to Mr. Montgomery and Mr. Perez and reconsider. I was unable to respond to your April 26 2021 order as I just had a procedure done to the injury sustained at the protest mentioned above to my hand and the extremely painful recovery did not allow for me to do so.

Thank You for your prompt attention with these matters of great import.

Sincerely, Kim Cole "

Plaintiff has numerous , ongoing, serious medical issues; inclusive of bilateral cataracts, that makes continuing to address these court documents (with severe vision limitations and hand injury ) nearly impossible . In the absence of counsel and visual assistance a ruling against Plaintiff would be in and of itself a violation of ADA .§36.102 . The Court is asked to rule on all Motions and Dismiss Atty David Grossbaums Opposition of Defendant and rule in favor of Pro Se Plaintiff

Signed _____

Dated ___13 August 2021___

CERTIFICATE OF SERVICE

I, Kimberly Cole , Pro Se Plaintiff certify that I have sent a copy of this MOTION to Attorney David Grossbaum Esq. Hinshaw and Culbertson LLP 53 State Street 27th floor Boston, Mass. 02109

Signed : _____

Dated: 13 August 2021

9/16/21

C

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2183CV00755B | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): Kimberly Cole
ADDRESS: 125 Royal Dane Lane #17
Abington, MA 02351

COUNTY: Plymouth

DEFENDANT(S): The Boston Police Department
1 Schroeder Plaza
Roxbury Crossing,
MA 02120

ATTORNEY: Pro Se
ADDRESS: (above)

BBO: N/A

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

CODE NO.: B04
TYPE OF ACTION (specify): TR (Torts) Personal Injury
TRACK: F
HAS A JURY CLAIM BEEN MADE? ☐ YES ☒ NO

Is there a claim under G.L. c. 93A? ☐ YES ☒ NO
Is this a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ... $ ?
2. Total doctor expenses ... $
3. Total chiropractic expenses ... $
4. Total physical therapy expenses ... $
5. Total other expenses (describe below) ... $
Subtotal (A): $

B. Documented lost wages and compensation to date ... $
C. Documented property damages to date ... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ... $
F. Other documented items of damages (describe below) ... $
Total *yet to be determined

G. Briefly describe plaintiff's injury, including the nature and extent of injury: Cut, rash, scarring + hyperesthesia of injury to (L) hand. Diagnosis of Dupuytrens contracture disease of (L) hand and pending excision procedure on 24 Sept. 2021. Mental anguish, pain + suffering due to open wound on (L) hand. Surgery pending 9/24/2021.

TOTAL (A-F): $ 1,000,000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)
☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):
TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X  Kim Cole    Date: 16 Sept. 2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.
Ma. Commission Against Discrimination Docket #19 BPR 00656   Docket # PLCV2014O
HUD Federal Charge # 01-19-1760-8   #1983CV00E

**CERTIFICATION PURSUANT TO SJC RULE 1:18**
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X    Date: